**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| v. § | **CRIMINAL NO. 6:21-CR-82-ADA** |
| § | |
| **JON PATRICK HAMMACK** § | |
| § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ALAN D ALBRIGHT,
        UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the district judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the petition of the United States Probation Office recommending the revocation of the Defendant's term of supervision. The district judge referred the matter to the undersigned for the preparation of a report and recommendation.

## I. PROCEDURAL BACKGROUND

The Defendant was convicted of Possession with Intent to Distribute Methamphetamine, in violation of 8 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). The Defendant was sentenced to 33 months custody; three (3) years of supervised release; $100 special assessment (paid in full); and a $100.00 fine. The Defendant was released to supervision on July 31, 2023. On May 15, 2024, the United States Probation Office filed a Petition for Warrant or Summons for Offender Under Supervision, alleging the Defendant violated the terms of his supervision and seeking a show-

1

cause hearing as to why the Defendant's supervision should not be revoked. The petition alleges the Defendant violated the terms of his supervision in the following instances:

> **Violation Number 1:** The defendant violated mandatory condition number 3, in that, on or about February 17, 2024, the defendant used or possessed marijuana and methamphetamines, in that, on February 19, 2024, the defendant admitted to last using marijuana and methamphetamines on that date.
>
> **Violation Number 2:** The defendant violated mandatory condition number 3, in that, on or about March 20, 2024, the defendant used and possessed marijuana and methamphetamines, in that, on March 20, 2024, the defendant tested positive for marijuana and methamphetamines.
>
> **Violation Number 3:** The defendant violated mandatory condition number 3, in that, on or about May 11, 2024, the defendant used and possessed methamphetamines, in that, on May 13, 2024, the defendant admitted to last using methamphetamines on that date.
>
> **Violation Number 4:** The defendant violated a special condition, in that, on or about March 14, 2024, March 19, 2024, May 2, 2024, and May 13, 2024, the defendant failed to submit to substance abuse testing to determine if the defendant had used a prohibited substance as instructed by the probation office.
>
> **Violation Number 5:** The defendant violated a special condition, in that, on or about December 31, 2023, January 30, 2024, March 13, 2024, April 13, 2024, and April 19, 2024, the defendant failed to participate in a sex offense-specific treatment program.

At the hearing, Defendant pleaded TRUE as to violation numbers 1 through 5. Additionally, the petition contained a sufficient factual basis to support the violations.

## II. FINDINGS OF THE COURT

1. The Defendant violated the conditions of his supervision as alleged in the petition.

2. The Defendant was competent to make the decision to enter a plea of TRUE as to the allegations underlying violations 1 through 5.

3. The Defendant had both a factual and rational understanding of the proceedings against him.

4. The Defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

5. The Defendant has not had any injury that would affect his judgment in entering a plea or that would affect his understanding of the basis, consequences, or effect of his plea.

6. The Defendant was sane and mentally competent to stand trial for these proceedings.

7. The Defendant was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.

8. The Defendant received a copy of the petition naming him, and he either read it or had it read to him.

9. The Defendant understood the petition and the charges alleged against him and had the opportunity to discuss the petition and charges with his attorney.

10. The Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing.

11. The Defendant freely, intelligently, and voluntarily entered his plea of TRUE to the allegations in violations 1 through 5.

12. The Defendant understood his statutory and constitutional rights and desired to waive them.

13. The petition contains a sufficient factual basis to Defendant's pleas of TRUE to violation numbers 1 through 5.

### III.  RECOMMENDATION

The undersigned has carefully considered all the arguments and evidence presented by the parties and **RECOMMENDS** that the Defendant's supervised release be revoked, and Defendant

sentenced to twelve (12) months imprisonment with credit for time served, and no term of supervised release to follow.

## IV. <u>WARNINGS</u>

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district judge. *See* 28 U.S.C. 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 8th day of October, 2024.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE